IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMBERLY A. LANGDON, 12508 S. Summertree Lane Olathe, Kansas 66062 ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. |
| VESTCOM NEW CENTURY LLC., Serve Registered Agent CORPORATION SERVICE COMPANY 2900 SW WANAMAKER DRIVE SUITE 204 TOPEKA, KS 66614 ) ) ) ) ) ) ) ) ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Kimberly A. Langdon, for her Complaint against Defendant Vestcom New Century, LLC, states as follows:

1. Plaintiff Kimberly A. Langdon is a female citizen of the State of Kansas, residing in Olathe, Johnson County, Kansas.

2. Defendant Vestcom New Century, LLC, is a corporation organized, registered to do business in the state of Arkansas which is operating as a foreign corporation in good standing in the state of Kansas who may be served through its registered agent at the above address.

1

3. This case arises under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.*, (Title VII), making jurisdiction proper in this court.

4. Venue is proper within this district under 28 U.S.C. § 1391(a) in that the employment practices hereinafter alleged to be unlawful were committed in this judicial district.

5. Plaintiff was subjected to sexual harassment, sex discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e-2, by Defendant.

6. At all times relevant to this action, Defendant has employed fifteen or more employees and is therefore an employer as defined in Title VII, 42 U.S.C. § 2000e(b).

7. On February 25, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and within 180 days of the unlawful employment practices complained of herein.

8. Plaintiff received a Notice of Right to Sue, dated May 18, 2021, from the EEOC and this Complaint is filed within 90 days of receipt of that letter.

## **COUNT I – SEXUAL HARASSMENT**

9. Plaintiff incorporates preceding paragraphs as if fully set forth herein.

10. Plaintiff was employed by Defendant from August 2020 until she was terminated on December 22, 2020. Plaintiff performed her job to the best of her ability and satisfactorily met the legitimate job expectations of her employer.

11. During her employment, Plaintiff was subjected to repeated inappropriate sexual comments, and abusive behavior based on gender, by behavior by her male supervisor. This conduct was ongoing and severe and pervasive and included unwanted, inappropriate and unwelcome sexual comments.

12. This included the following conduct:

- He made comments about her "pretty" hair;

- He made comments about how "hot" she was;

- He repeatedly talked about the size of her breasts and made crude comments about them;

- He held a "nuts for sale" sign near his crotch;

- He started at plaintiff's breasts and claimed they were a distraction; and

- He made comments about his own genitals and wanting to make them bigger.

13. But for Plaintiff gender, she would not have been subjected to the sexual harassment described herein.

14. The sexual harassment described in this Complaint was severe, pervasive, unwelcome, and affected the terms, conditions, and privileges of Plaintiff's employment and constituted an unreasonable interference with Plaintiff's work in violation of Title VII.

15. Plaintiff complained about the sexual harassment to a supervisor and to Human Resources, but Defendant failed to take appropriate remedial action to stop the unlawful conduct.

16. Defendant failed to prevent sexual harassment in the workplace.

17. Defendant terminated plaintiff' employment on December 22, 2020, shortly after she reported harassment, because of her gender and in retaliation for the complaints of sexual harassment.

18. As a direct and proximate result of the unlawful practices of defendant, Plaintiff has sustained damages in the form of lost salary, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

19. The emotional distress caused by defendant's failure to prevent and remedy the sexual harassment has caused plaintiff emotional distress that continues today.

20. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive

4

damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b. For an award of punitive damages in a reasonable amount to be determined at trial;

c. For an award of reasonable costs and attorney's fees; and

d. For such equitable and other relief as the Court deems just and necessary.

## **COUNT II – SEX DISCRIMINATION**

21. Plaintiff incorporates by reference the preceding paragraphs of this petition.

22. Plaintiff's sex, female, was a determining factor in the termination decision.

23. Similarly situated male employees with similar allegations of misconduct were not investigated or disciplined as was plaintiff and were not terminated.

24. Defendant's stated reasons for the termination were pretextual.

5

Plaintiff was accused of misconduct that was untrue.

25. But for her sex she would not have been terminated.

26. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

27. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b. For an award of punitive damages in a reasonable amount to be determined at trial;

c. For an award of reasonable costs and attorney's fees; and

d. For such equitable and other relief as the Court deems just and necessary.

**COUNT III – RETALIATION**

28. Plaintiff incorporates by reference the preceding paragraphs of this petition.

29. Plaintiff complained about sex harassment and sex discrimination to her supervisor and to Human Resources.

30. Plaintiff was terminated shortly after her complaints of sex harassment – five days.

31. Plaintiff's complaints were a determining factor in the termination; but for her complaints, she would not have been terminated.

32. As a direct and proximate result of Defendant's unlawful employment practices described herein, Plaintiff sustained damages in the form of lost salary and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

33. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For compensatory damages including backpay and damages for Plaintiff's emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish, in a reasonable amount to be determined at trial;

b. For an award of punitive damages in a reasonable amount to be determined at trial;

c. For an award of reasonable costs and attorney's fees; and

d. For such equitable and other relief as the Court deems just and necessary.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that the trial of this case be held in Kansas City, Kansas.

**THORNBERRY BROWN, LLC**

By: /s/ Stephen C. Thornberry
Randall W. Brown          KS# 17905
*randy@thornberrybrown.com*
Stephen C. Thornberry     KS# 17494
*steve@thornberrybrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF